## MAYOR AND COUNCIL OF JERSEY CITY v. CHASE, TAYLOR, AND KEENAN.

1. In an action on a constable's bond, a rule for the assessment of damages in open court or for a writ of inquiry, under the practice act and supplements, is not authorized.
2. If neither party applies for an assessment of the damages by a jury, the court will assess them; if either party does so apply, a writ of inquiry will be awarded, which in this case was ordered to be executed before a judge at the circuit.
3. If damages are claimed for a person other than the original prosecutor, upon a special notice, before the writ issues, the damages sustained by him will be ordered to be assessed by the same jury.

This was an action of debt brought upon a constable's bond. Judgment by default, for want of a plea, was entered by the plaintiff, and on application of the defendant, a writ of inquiry for the assessment of damages was ordered.

The plaintiff moved that the rule for a writ of inquiry be dismissed, as not being authorized by the statute; and, also, that the plaintiff's damages be assessed by the court. It was also moved that the court assess the damages alleged to have been sustained by another person through default of the constable, due notice of such motion having been given.

Council of Jersey City v. Chase.

These motions came on to be heard before the branch court, at November term, 1862, and were argued before Justices HAINES, BROWN, and ELMER, by *S. B. Ransom*, for the plaintiffs, and *N. G. Slaight*, for the defendants.

The opinion of the court was delivered by

ELMER, J.   This is an action upon a constable's bond, in which judgment was entered by default, for want of a plea, during the last vacation.   Prior to the entering of judgment, the attorney for defendants, having filed an affidavit, in pursuance of the supplement to the practice act of 1858, 3 *Nix. Dig.* 683, § 247,* entered a rule for a writ of inquiry.   On behalf of the plaintiffs, it is now moved to strike out this rule as unauthorized, and that the damages sustained by the prosecutors of the bond, and set forth in the declaration, be assessed by the court.   A motion, upon special notice, has also been made, that the court assess the damages alleged to be sustained by another person, by reason of a default of the constable.

It is plain that the several provisions of the practice act, and the supplements thereto, 3 *Nix. Dig.* 663, § 112; 683, § 247,† do not apply to the case of an action on a bond with a special condition, and that the defendant's rule must be vacated.

By the third section of the act respecting constables, *Nix. Dig.* 119,‡ it is enacted that actions on their bonds shall be conducted and prosecuted, in every respect, as suits on sheriff's bonds are by law directed to be prosecuted.   This court held, in the case of *The State* v. *Hamilton and Edsall*, 5 *Halst.* 190, that no assignment of the breaches on the record was necessary in such a case, but that the uniform practice was for the court to assess the damages.   Now such breaches as show that the condition of the bond has been broken, are required to be assigned in the declaration, *Nix. Dig.* 638, § 148,§ and this has been done in the present case.

The fourth section of the act respecting constables pro-

---

*Rev., p.* 872, ? 151.   †*Rev., p.* 872, ? 151.   ‡*Rev., p.* 149, ? 3.   §*Rev., p.* 868, ? 125.

vides, that assessments of damages, in and by this act directed to be made by the court, shall be made by a jury, upon application of either party interested, and the defendants now apply to have the benefit of this privilege in regard to all the damages claimed. This privilege, we think, applies as well to the damages assigned in the declaration, as to those claimed for a person who did not originally join in the prosecution, and the defendants having now applied to have it allowed to them, we see no reason why the damages may not all be conveniently assessed, by virtue of one writ of inquiry framed to meet the case. Whether the writ shall be executed in the usual way by the sheriff alone, or before a judge at the circuit, is in the discretion of the court. 2 *Arch. Prac.* 23. Inasmuch as questions of law may arise proper to be decided by a judge, we think it safest to order the writ to be executed before the judge of the county in which the *venue* is laid, at the regular term of the Circuit Court. The proceedings in actions on sheriffs' and constables' bonds are very similar to those on bonds to the Ordinary, the difference being that in the latter case the Prerogative Court ascertains and directs how much money shall be levied and made on the execution, while in the former, this is done by the court in which the prosecution is. Either party has an absolute right to have the assessment made by a jury in the case of a constable's bond; but in the case of a sheriff's bond this court will assess the damages, unless for special reasons a jury shall be allowed. In both cases the judgment is entered for the penalty and costs, and when the damages are ascertained, a special rule will be made, that the execution, which in form follows the judgment, be endorsed to levy and make the sums due to each person who has sustained damages by the default of the officer.

Let a rule be entered that the plaintiffs have leave to assign and put on file new breaches, applicable to the case of the persons who are alleged to have sustained damages which are not assigned in the declaration, and suggesting the application of the defendants that the damages be assessed by

a jury; and that thereupon a writ of inquiry issue, directed to the sheriff of the county of Hudson, commanding him to summon twelve good and lawful men of his county to appear at the next Circuit Court to be holden in and for the said county; then and there, in the presence of the judge of said court, to inquire what damages the said persons have respectively sustained by occasion of the premises.